UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| JOHN W. PEROTTI, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 6: 07-144-DCR |
| ) | |
| V. ) | |
| ) | |
| DONALD STINE, Warden, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Respondent. ) | |
| ) | |

\*\*   \*\*   \*\*   \*\*   \*\*

This matter is pending for consideration of *pro se* Petitioner John W. Perotti's motion to amend the Judgment entered against him. On April 25, 2007, the Clerk of this Court received Perotti's petition and memorandum supporting his claim for relief in this civil action brought pursuant to 28 U.S.C. §2241. He complained of his recent transfer to his current place of incarceration, which he believed to be retaliatory. Perotti also sought to invalidate a prison disciplinary proceeding on the grounds that the charges were brought in retaliation for his having filed for administrative remedies (a First Amendment claim) and he claimed that the proceedings were then conducted in violation of his due process rights under the Fifth Amendment of the United States Constitution.

Upon screening the petition, the Court issued a Memorandum Opinion and Order summarizing Perotti's allegations, evaluating his exhibits, and addressing his claims on the merits. The Court found that he had failed to state a claim with regard to his transfer's being

retaliatory. With regard to the disciplinary proceeding, the Court found that the Petitioner had failed to present any evidence of a retaliatory motive for his prosecution and that there was no due process violation. Therefore, the Court denied the petition herein, *sua sponte*, and dismissed this case, with prejudice.

In his current motion, Petitioner cites to Rule 59(e) and re-argues his retaliatory and due process claims. Additionally, while the Court suggested that his allegations went to his conditions of confinement and should have been brought under 28 U.S.C. §1331, Perotti insists that his claims were properly brought as a petition because under *Heck v. Humphrey*, 512 U.S. 477 (1994), he must first invalidate a conviction for an infraction in a habeas proceeding before he can file further litigation. Finally, he complains that the Court dismissed his claims with prejudice because this designation "would affect any future civil litigation based on these facts." Therefore, the Petitioner requests that the Court amend the judgment to say "without prejudice" and issue a certificate of appealability.

With respect to the current motion, the Court notes that here are three grounds supporting an amendment of judgment under Federal Rule of Civil Procedure 59: (1) to accommodate an intervening change in controlling laws; (2) to account for new evidence not available previously; and (3) to correct a clear error of law or to prevent manifest injustice. *Berridge v. Heiser*, 993 F. Supp. 1136, 1146-47 (S.D. Ohio 1997) (citing *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996)). Consistent therewith, a Rule 59 motion must either present newly discovered evidence or a clearly established manifest error of law. *FDIC v. Meyer*, 781 F.2d 1260, 1268 (7th Cir. 1986).

In the present case, the Petitioner has presented none of these situations warranting reconsideration of the Court's dismissal order.  A Rule 59 motion is not an opportunity to reargue a case, and that is precisely what the Petitioner is attempting to do with respect to his First and Fifth Amendment claims.  *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 1998 WL 288685 (6th Cir. June 5, 1998) (citing *FDIC v. World Univ., Inc.*, 978 F.2d 10, 16 (1st Cir. 1992)).  Additionally, the Court finds no error in its Judgment dismissing this cause of action with prejudice.  The Court decided the transfer and disciplinary matters on the merits, and the Petitioner is not entitled to future litigation on these claims.  Thus, the Judgement will not be amended.

Finally, the Petitioner is informed that a certificate of appealability is required for federal prisoners' appeals in only 28 U.S.C. §2254 and §2255 proceedings, not §2241 cases.  Nothing presented by the Petitioner persuades the Court that its findings or ultimate Judgment were in error, that any amendment is necessary, or that a certificate of appealability is necessary if he appeals this action.  Accordingly, it is hereby

**ORDERED** that Petitioner Perotti's motion for reconsideration or amendment of the Judgment [Record No. 5] is **DENIED**.

This 23rd day of May, 2007.



Signed By:
*Danny C. Reeves*  DCR
United States District Judge