UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| JOHN W. PEROTTI, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 6: 07-144-DCR |
| | ) | |
| V. | ) | |
| | ) | **MEMORANDUM OPINION** |
| DONALD STINE, Warden, | ) | **AND ORDER** |
| | ) | |
| Respondent. | ) | |

\*\*   \*\*   \*\*   \*\*   \*\*

This matter is before the Court on the motion of the *pro se* Petitioner for relief from the Judgment entered against him. Petitioner John W. Perotti, an inmate at the Federal Correctional Institution in Pine Knot, Kentucky, filed this action on April 25, 2007, pursuant to 28 U.S.C. §2241.  Upon screening, this Court addressed the merits of his claims regarding disciplinary actions taken against him at the prison.  In a Memorandum Opinion and Order entered May 9, 2007, the Court found that the Petitioner had not stated cognizable claims under the Fifth or First Amendments to the United States Constitution.  Therefore, the Court denied his request for habeas relief.

The Court also warned the Petitioner that because he did not challenge the duration of his confinement or other issue sounding in habeas, his claims therein were actually conditions of confinement issues, which should have been – and in the future should be – brought in a civil complaint.  Consistent with this discussion, the Court dismissed the action with prejudice.

1

The Petitioner then filed a motion to reconsider pursuant to Rule 59 of the Federal Rule of Civil Procedure.  He re-argued the alleged merits of his claims and complained that dismissal with prejudice "would affect any future civil litigation based on these facts."  This motion was denied on May 23, 2007.  With respect to Petitioner's argument that dismissal should have been without prejudice, the Court found no error in its earlier determination as it had "decided the transfer and disciplinary matters on the merits, and the Petitioner is not entitled to future litigation on these claims."

The Petitioner filed a notice of appeal of this Court's decision.  However, nine days later, he filed the current motion for relief, citing to Rule 60 and claiming that since the filing of the notice of appeal, he has found two cases in this circuit which "support his position that this action should not have been dismissed without notice, and without doing so with prejudice."  Citing *Martin v. Overton*, 391 F.3d 710 (6th Cir. 2004), and *In re Shelton*, 295 F.3d 620 (6th Cir. 2002), he urges this Court to "review these cases so as to save itself from the 6th Circuit reversing this case."

Rule 60 of the Federal Rules of Civil Procedure, entitled Relief from Judgment or Order, contains a provision for correcting clerical errors in judgments or orders in subsection (a), and for other types of errors.  It provides:

> (b) **Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc.** On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment

2

has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.  The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

Fed.R.Civ.P. 60(b).

However, the Petitioner herein does not cite which the specific provision on which he relies as warranting the relief requested.  Further, the Court finds that none are applicable.  To the extent that he alleges that he recently found the two appellate court opinions and means that the cases are "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)," he misreads the requirements of the Rule.  On its face, Rule 60(b) does not pertain to recent discovery of case law.  Indeed, even if it did, the cases relied upon in not new.  *Overton* was published in 2004 and *In re Shelton*, in 2002.

Further, even if new, the cases the Petitioner cites are inapplicable to the facts presented.  These cases addressed the District Court's re-characterization of a complaint as a §2254 or §2255 petition and the dismissal of such petitions with prejudice after the Antiterrorism and Effective Death Penalty Act of 1995 limited to one the permissible number of either kind of petition.  The appellate court was obviously concerned that a re-characterization would foreclose a prisoner's ability to bring a later, correctly-labeled action and have it decided on the merits.  Therefore, the Court stated its preference for dismissing without prejudice rather than re-characterizing the claim.

However, in the present case, this Court did not re-characterize the §2241 claim.  Instead, it denied habeas relief because the Petitioner was not entitled to relief from his convictions on

3

the merits.  In contrast, Petitioner Martin had a 42 U.S.C. §1983 medical claim which was presented originally as a habeas proceeding.  That claim would have been barred and the merits never addressed, based on the District Court's dismissal of his "petition," with prejudice, on the ground that he had not stated a right to habeas relief.

Here, Perotti argues that the dismissal with prejudice similarly jeopardizes his right to a later civil action under *Heck v. Humphrey*, 512 U.S. 477 (1994).  However, *Heck v. Humphry* requires success in a habeas proceeding, *i.e.*, the conviction(s) must have been invalidated for the prisoner to be able to bring a civil action for damages.  The instant Petitioner failed to invalidate his disciplinary convictions.  This Court decided on the merits of Perotti's constitutional claims in his habeas proceeding, and decided that there was no constitutional or other reason to invalidate his disciplinary convictions.  Perotti, therefore, cannot bring a *Heck* claim.

Accordingly, it is hereby **ORDERED** that the Petitioner's motion for relief from the Judgment [Record No. 8] is **DENIED**.

This 6th day of July, 2007.



Signed By:

*Danny C. Reeves*   DCR

**United States District Judge**